UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE IVERSON )<br>    Plaintiff )<br>v. )<br> )<br>THE VILLAGE AT CHESTNUT )<br>HILL 2, LLC. )<br>    Defendant )<br> ) | C.A. No. 04 12078 RWZ |

### DEFENDANT, VILLAGE AT CHESTNUT HILL 2, LLC'S ANSWER TO PLAINTIFF, GEORGE IVERSON'S FIRST AMENDED COMPLAINT

Defendant, Village at Chestnut Hill 2 LLC, answers and asserts the following defenses to the Complaint of the Plaintiff, George Iverson. To the extent that the introductory paragraph of the Complaint contains any allegations to which a response is required, they are denied.

### Jurisdiction and Venue

1. Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. §§1331,1343, 2201 and 2202. Defendant denies the remaining allegations and qualifications of this paragraph.

2. Defendant hereby waives any challenge that venue is improper in the District of Massachusetts. The remaining allegations and qualifications of this paragraph are denied.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in this paragraph and calls upon the Plaintiff to prove the same.

4. Defendant admits that the Village at Chestnut Hill is located at 631-683 Veterans of Foreign Wars Parkway and Independent Drive, Boston, Massachusetts. Defendant denies the

remaining allegations and qualifications of this paragraph.

## Statutory Background

5. This paragraph does not contain allegations to which a response is required. To the extent that this paragraph requires a response, Defendant admits that Congress enacted the Americans with Disabilities Act of 1990 ("ADA"). The statutory language is set forth in the statute. The statute has been the subject of extensive judicial interpretation and therefore, the remaining allegations and qualifications are denied.

6. This paragraph does not contain allegations to which an answer is required. To the extent that this paragraph requires a response, Defendant states that the Congressional findings speak for themselves. The remaining allegations and qualifications of this paragraph are denied.

7. This paragraph does not contain allegations to which an answer is required. To the extent that this paragraph requires a response, Defendant states that the Congressional findings speak for themselves. The remaining allegations and qualifications of this paragraph are denied.

8. Defendant denies the allegations of this paragraph.

9. Defendant denies the allegations of this paragraph.

## The Parties and Standing

10. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in the first two sentences of this paragraph and calls upon Plaintiff to prove the same. Defendant denies that the Plaintiff encountered architectural barriers at the property.

11. Defendant denies the allegations of this paragraph.

12. Defendant denies the allegations of this paragraph.

13. Defendant admits that it owns property known as The Village at Chestnut Hill which is located at 631-183 Veterans of Foreign Wars Parkway and Independence Drive, Boston, Massachusetts 02532. Defendant denies the remaining allegations of this paragraph.

14. Defendant denies the allegations of this paragraph.

15. Defendant is without sufficient knowledge or information to admit or deny whether George Iverson desires to visit the property either to avail himself of the goods and services available at the property or to assure himself that the property is in compliance with the ADA. Defendant denies that the Plaintiff or others similarly situated to the Plaintiff have less than full and equal enjoyment of the property or that such persons have been subjected to discrimination.

16. Defendant denies the allegations of this paragraph.

### The Instant Claim

17. Defendant denies it has discriminated or that it is continuing to discriminate against the Plaintiff on the basis of Plaintiff's alleged, but unspecified, disability. Accordingly, Defendant denies the remaining allegations and qualifications of this paragraph including, without limitation, those allegations regarding discrimination based on the alleged failure to be in technical compliance with the ADA Accessibility Guidelines.

18. Defendant denies the allegations of this paragraph.

19. This paragraph contains conclusions of law for which no response is required. To the extent an answer is required, the Defendant denies the allegations of this paragraph.

20. This paragraph contains conclusions of law for which no response is required. To the extent an answer is required, the Defendant denies the allegations of this paragraph.

21. The Defendant denies the allegations of this paragraph.

22. The Defendant denies the allegations of this paragraph.

23. The Defendant denies the allegations of this paragraph.

24. The Defendant denies the allegations of this paragraph.

25. The Defendant denies the allegations of this paragraph.

26. The Defendant denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff lacks standing to bring this action.

### Third Affirmative Defense

The Plaintiff has not identified any modifications which are readily achievable.

### Fourth Affirmative Defense

The subject property and all challenged accommodations allow disabled persons effective access and therefore do not violate the ADA even if they are in technical non-compliance with the accessibility guidelines.

### Fifth Affirmative Defense

Any proposed modifications to the property would not be readily achievable.

### Sixth Affirmative Defense

To the extent there are any architectural variances from the guidelines, they are merely

technical variances within acceptable conventional building industry tolerances for field conditions and facilities, and, when taken as a whole, they are compliant with the ADA and its implementing regulations.

### Seventh Affirmative Defense

The Plaintiff has failed to name indispensable parties to this action.

### Eighth Affirmative Defense

To the extent some or all of the claims or issues relate to property that is owned, operated or leased by another person, Defendant is not liable for compliance on property which it does not own, operate or lease.

### Attorney's Fees

Defendant has retained the law firm of Gilman, McLaughlin & Hanrahan LLP and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S.C. §1927 and 42 U.S.C. §12205, Defendant is entitled to recover its attorney's fees and costs.

WHEREFORE, the Defendant prays:

1. That the Plaintiff's Complaint be dismissed;
2. That the Defendant be awarded attorney's fees and costs; and
3. That the Court award such other relief as it deems just and proper.

Respectfully submitted,

The Village at Chestnut Hill 2, LLC

By its Attorneys,

_____
Michael Eby, Esquire (BBO #150800)
Gilman, McLaughlin & Hanrahan LLP
101 Merrimac Street
P.O. Box 9601
Boston, MA 02114
617-227-9999